UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DEJUANA K. SWEITZER, )
)
        Plaintiff, )
v. ) No. 1:08-CV-170
)
MICHAEL J. ASTRUE, ) Chief Judge Curtis L. Collier
Commissioner of Social Security )
)
        Defendant. )

## MEMORANDUM

    Plaintiff Dejuana K. Sweitzer ("Plaintiff") brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying Plaintiff a period of disability and disability insurance benefits. Plaintiff moved for judgment on the pleadings (Court File No. 12), and the Commissioner moved for summary judgment (Court File No. 15). Magistrate Judge William B. Mitchell Carter filed a report and recommendation ("R&R") (Court File No. 19) recommending the Court rule in favor of Plaintiff and remand this case to the Commissioner for further administrative proceedings. The Commissioner filed an objection (Court File No. 20), to which Plaintiff did not file any response. Having reviewed the R&R, the parties' briefs, and the record, the Court will **GRANT** Plaintiff's motion (Court File No. 12), will **DENY** the Commissioner's motion (Court File No. 15), will **ACCEPT & ADOPT** the R&R (Court File No. 19), will **REVERSE** the Commissioner's decision, and will **REMAND** the case for additional administrative proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g).

**I.     FACTS**

Plaintiff alleges a disability caused by degenerative disc disease, low back and leg pain, osteoarthritis of the bilateral knees, osteoarthritis of the bilateral hands, obesity, and carpal tunnel syndrome (Tr. 495-497). Plaintiff's alleged onset date is April 15, 2004 (Tr. 16, 469). She has past relevant work experience as a self-employed cleaner, short order cook, and convenience store manager. She attempted to work after her onset date as an office worker but was only able to complete five weeks as she was without skills with which to perform the job. Plaintiff's date last insured ("DLI") was June 30, 2005. Therefore, disability must be established prior to that date.

Plaintiff initially filed her claim on April 27, 2005, and was denied initially and at the reconsideration level. A request for hearing was filed on February 8, 2006, and the hearing was held on June 19, 2007. The claim was denied in a decision issued by the Administrative Law Judge ("ALJ") on August 2, 2007. A request for review of this decision was filed on October 5, 2007, and denied on May 30, 2008. Having properly exhausted all administrative remedies, Plaintiff sought review in this Court. On June 16, 2009, the Magistrate Judge issued his R&R and the Commissioner has filed objections. Because the R&R lays out the procedural history of this case and restates the evidence in the record as well as the testimony at the ALJ hearing, the Court will adopt the R&R's review of the record.

**II.    STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the findings of the Administrative Law

2

Judge ("ALJ") are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

## III. DISCUSSION

The Commissioner raises two objections to the R&R's conclusion: (A) the ALJ reasonably evaluated the opinion of Dr. Thomas F. Mullady, M.D., and (B) the ALJ also reasonably evaluated the opinion of Dr. Celia M. Gulbenk, M.D. For the reasons that follow, the Court agrees with the R&R and concludes remand is proper in this case.

### A. The Opinion of Dr. Thomas F. Mullady, M.D.

The Court agrees with the R&R that the ALJ erroneously rejected Dr. Mullady's opinion. Dr. Mullady performed his first evaluation of Plaintiff on March 12, 2004, before Plaintiff's alleged onset date, as a consultative physician in conjunction with a prior application for benefits. Dr. Mullady noted Plaintiff had limited lumbar range of motion as well as diminished reflex at the right ankle. No opinion was offered regarding her residual functional capacity. Another consultative

3

examination was performed by Dr. Mullady on January 6, 2006, six months after Plaintiff's DLI, at the request of the Department of Human Services. Plaintiff was found to still have limited lumbar range but the ankle reflexes were within normal limits. She was also found to suffer from hypertension. Based on this second examination, Dr. Mullady found Plaintiff would be capable of sedentary work with lifting and/or carrying ten pounds occasionally but nothing frequently, standing/walking with normal breaks for at least two hours and sitting with normal breaks for a total of six hours in an eight hour workday. The ALJ dismissed Dr. Mullady's conclusions because his findings arose six month's after Plaintiff's DLI and because both opinions were not supported with facts or findings.

The R&R recommends remand to get Dr. Mullady's opinion as to whether his post-DLI opinion would apply to his earlier findings, because even post-DLI evidence should be considered to the extent it is relevant. The Commissioner objects, arguing the opinion of Dr. Mullady was properly assigned no weight, because the opinion was unsupported by related findings, it was contradicted by other evidence, and it constituted post-DLI evidence.

The Commissioner cites case law suggesting post-DLI evidence has less probative value than medical findings prior to the DLI. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding tests from 1981 and 1983 were "minimally probative" of claimant's condition in 1979); *Liebisch v. Sec'y of Health and Human Servs.*, No. 93-3122, 1994 WL 108957, at *2 (6th Cir. Mar. 30, 1994) (holding 1990 report was "necessarily less accurate" about claimant's condition from 1985-89 than it was about her status in 1990); *Weetman v. Sullivan*, 877 F.2d 20, 22 (6th Cir. 1989) (holding deterioration in the claimant's condition after the period of eligibility is irrelevant); *Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (holding doctor's report dated eight

4

months after end of eligibility was "minimally probative").

The R&R relied on case law suggesting post-DLI medical evidence is relevant to the period of eligibility. *See Begley v. Matthews*, 544 F.2d 1345, 1354 (6th Cir. 1976) ("Medical evidence of a subsequent condition of health, reasonably proximate to a preceding time may be used to establish the existence of the same condition at the preceding time."); *see also Higgs*, 880 F.2d at 863 (holding Secretary must consider medical evidence of a claimant's condition after his DLI to the extent the evidence is relevant to the claimant's condition prior to the DLI); *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984) (holding error for ALJ to infer medical findings from two months after claimant's DLI failed to support an earlier conclusion by the same doctor that claimant was disabled).

These two lines of cases are not in contradiction. Rather, both suggest the ALJ must 1) consider post-DLI evidence to the extent it is relevant to conditions existing during a claimant's period of eligibility and 2) the date of that evidence is a factor to be considered in assigning relative weight to that evidence. *See Higgs*, 880 F.2d at 863 (holding post-DLI evidence must be considered but a delay of two years renders that evidence "minimally probative"). In this case, the ALJ did not commit an error of law by relying solely on the timeliness of Dr. Mullady's opinion in assigning it no weight. Rather, the ALJ first noted Dr. Mullady failed to support his opinion with facts or findings demonstrating Plaintiff had an impairment or impairments that would support his functional capacity conclusions (Tr. 19). If the ALJ's decision is supported by substantial evidence, meaning Dr. Mullady's opinion is not entitled to significant weight on its face, it is unnecessary to consider what affect, if any, the timing of Dr. Mullady's conclusion will have.

Therefore, the question before this Court is whether the ALJ properly disregarded the

5

findings and conclusions of Dr. Mullady in light of both its level of supporting evidence and explanation and its timeliness to the period of eligibility. The Commissioner argues remand is improper for the purpose of determining whether Dr. Mullady's post-DLI conclusion would apply to his earlier findings, because the similarity of the 2004 and 2006 findings indicates that even if Dr. Mullady had the same opinion in 2004, it would likewise suffer from the same deficit of supporting evidence and explanation for his conclusion. *See* 20 C.F.R. § 404.1527(d)(3) (stating opinions are given less weight when issued without support by objective evidence and explanation). This argument begs the issue of whether Dr. Mullady's opinion actually suffered from such a deficit. This Court, however, is neither permitted nor equipped to determine whether Dr. Mullady's opinion is actually supported by his findings. Rather, the standard of review is whether the ALJ's conclusion that Dr. Mullady's opinion was unsupported is itself supported by substantial evidence. *See Rogers,* 486 F.3d at 241.

In this case, the record shows the ALJ's conclusion is itself unsupported by substantial evidence, because Dr. Mullady's opinion cites numerous objective findings, none of which is addressed by the ALJ. Objective findings are clinical or laboratory findings "'which can be shown by the use of medically acceptable laboratory diagnostic techniques' such as X-rays, electrocardiograms, electroencephalograms, chemical tests, and psychological tests." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 498 n.1 (6th Cir. 2006) (quoting 20 C.F.R. § 404.1528(c)). Dr. Mullady's report contains objective clinical findings. For example, he found Plaintiff suffers from "decreased range of motion of lumbar spine with forward flexion to 60 degrees, extension to 10 degrees, right and left lateral flexion to 20 degrees" (Tr. 403). None of these findings is addressed by the ALJ.

6

Though review for substantial evidence does not require an ALJ to discuss every piece of evidence in the record or explain every finding at length, it does require the ALJ to "articulate reasons . . . for crediting or rejecting particular sources of evidence." *Hurst v. Sec'y of Health and Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984); *see also Bailey*, 1999 WL 96920, at *4 ("[A]n ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes."). This Court will not pass on whether Dr. Mullady's findings adequately support his conclusion, as such a question is well beyond the Court's expertise. However, the ALJ completely fails to address these findings and instead conclusively and erroneously states Dr. Mullady had no findings to support his conclusion. Therefore, the opinion of the ALJ, as it relates to the functional capacity opinion of Dr. Mullady, is not supported by substantial evidence.

Having decided Dr. Mullady's opinion from 2006 is potentially entitled to some weight, it is necessary to determine what effect its timeliness has on its relative weight. Here, the Court agrees with the R&R. In *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984), the claimant's insured status expired on June 30, 1981. The Secretary concluded the claimant was disabled, but found an onset date of August 1981, outside of claimant's period of eligibility. *Id.* The Secretary based this finding on the well-supported conclusion of a physician issued in August 1981, which found Plaintiff to be disabled. *Id.* The claimant claimed an earlier onset date, because his treating physician had issued a statement on June 3, 1981, which claimed claimant was disabled. However, this statement was not supported by any findings, causing the Secretary to assign it no weight. *Id.* The Sixth Circuit held however the findings from August 1981 supported the conclusion of disability from June 3, 1981, allowing the court to conclude his onset date was at least June 3, 1981,

7

prior to the DLI. *Id.*

In this manner, post-DLI evidence is relative to the question of whether a claimant is disabled. As discussed above, however, the period of time between Plaintiff's DLI and the post-DLI evidence is a relevant consideration. Unlike the cases cited by the Commissioner, in which the claimant's post-DLI evidence arose years after the DLI, this case is similar to *Garner* where the post-DLI evidence arose a short time later and bore a substantial relationship to other medical evidence that was timely. Just as *Garner* held post-DLI findings can support an earlier, unsupported conclusion, *see id.*, the post-DLI conclusion Plaintiff has functional capacity limitations, combined with strikingly similar findings arising during Plaintiff's period of eligibility, suggest the post-DLI evidence is probative in this case. Rejecting the 2006 opinion of Dr. Mullady on the basis of its timeliness was erroneous. In addition, as the R&R notes, Plaintiff was sent to Dr. Mullady for evaluation. If his opinion deserved no weight because it was rendered after Plaintiff's DLI, then there was no reason to send Plaintiff to Dr. Mullady for evaluation.

Therefore, further administrative proceedings are necessary with respect to Dr. Mullady. On remand the ALJ must explicitly and fully consider the opinion of Dr. Mullady and whether, in light of his 2004 findings, it is probative of Plaintiff's functional limitations between the alleged onset date and her DLI. Because the ALJ sent Plaintiff to Dr. Mullady in the first instance, this may be accomplished by obtaining from Dr. Mullady an additional opinion as to whether his post-DLI conclusions would not apply to the earlier period, but the Court leaves the question of how to accomplish this task to the discretion of the ALJ.

### B. The Opinion of Dr. Celia M. Gulbenk, M.D.

The Court agrees with the R&R that the ALJ erroneously rejected Dr. Gulbenk's opinion concerning Plaintiff's postural limitations. Dr. Gulbenk conducted a non-examining evaluation of Plaintiff's medical record, in which he concluded Plaintiff suffered from some functional capacity limitations. The ALJ rejected his conclusion as being unsupported by objective findings, but adopted his findings concerning her alleged disability.

The Commissioner argues the ALJ's reasoning is sufficient because it is "apparent from the record," citing the Sixth Circuit case *Bowie v. Comm'r of Social Security*, 539 F.3d 395 (6th Cir. 2008). In *Bowie*, according to the court, because the ALJ does not have a procedural obligation to address a claimant's borderline age situation in his opinion or explain his reasons for arriving at a particular age categorization, his categorization of claimant was supported by substantial evidence because the decision was apparent from the record. *Id.* at 400–02. This case is different from *Bowie*. Here, the ALJ rejected the functional limitation opinions of every expert he cited who opined on the question, i.e. Dr. Mullady and Dr. Gulbenk. Consequently, the ALJ's opinion concerning Plaintiff's residual functional capacity does not rest on any evidence obtained from medical experts. Because the ALJ does not address precisely how either of these professional opinions are inadequately supported, the Court finds the ALJ's opinion is itself unsupported by substantial evidence. *See Lenon v. Apfel*, 191 F. Supp. 2d 968, 978 (W.D.Tenn. 2001) (holding the ALJ "gave in to the temptation to play doctor" by substituting his own opinion for that of the medical expert).

Because Plaintiff is able to bathe herself and perform minimal household chores, the Commissioner contends the ALJ had substantial evidence to conclude her functional limitations

were other than those suggested by Dr. Gulbenk. Upon reading the ALJ's opinion, it is not evident to this Court the ALJ had such an intention in making findings concerning Plaintiff's daily life activities. The ALJ recites this evidence at the beginning of his opinion but never expressly relies on it as evidence. (Tr. 18-19). Nor does such evidence make Plaintiff's lack of functional limitation "apparent from the record." Nothing is facially inconsistent between Plaintiff's ability to do her minimal household chores and the frequent breaks required by the functional limitations found by Dr. Mullady and/or Dr. Gulbenk. Because the ALJ conclusively states Dr. Gulbenk's opinion is unsupported without explanation, the Court holds the ALJ opinion is not supported by substantial evidence. *See Hurst*, 753 F.2d at 519 (requiring ALJ to articulate reasons for rejecting evidence with particularity sufficient to allow appellate review).

### C. Substantial Evidence

Having decided the opinion of the ALJ errs in its treatment Dr. Mullady's and Dr. Gulbenk's conclusions, it is necessary to determine whether the ALJ's ultimate conclusion, i.e. whether Plaintiff suffers from functional capacity limitations, may still be supported by substantial evidence. In the opinion of the ALJ, there are three sources of evidence on the issue of Plaintiff's functional capacity limitations. The opinion of Dr. Mullady, the opinion of Dr. Gulbenk, and the independent conclusion of the ALJ. Because the opinions of Dr. Mullady and Dr. Gulbenk were rejected, the Court must decide if the independent judgment of the ALJ is still supported by substantial evidence.

The Court finds such is not the case. Essentially, the ALJ's opinion sets forth the medical findings concerning Plaintiff's functional limitations and then rejects those opinions for the reasons discussed above. Having concluded those opinions are not entitled to weight, the ALJ concludes there is no evidence the Plaintiff has functional limitations and denies her claim. As such, the ALJ's

opinion was not supported by evidence so much as it was rendered because of a perceived lack of evidence. Because that evidence was improperly ignored, as discussed above, the Court determines the ALJ's opinion is not supported by substantial evidence.

The Commissioner argues the ALJ's conclusion is supported, because the doctors' opinions are contradicted by other evidence, which allow the ALJ to assign them little weight and reach the same ultimate conclusion, notwithstanding the errors discussed above. *See* § 404.1527(d)(4) (stating opinion given more weight if consistent with the record as a whole). Specifically, the Commissioner cites the findings of Dr. Todd Bonvallet, the unrejected portion of Dr. Gulbenk's findings, and the testimony of the vocational expert.

First, the Commissioner argues the findings of Dr. Bonvallet are substantial evidence supporting the ALJ's decision. The findings of Dr. Todd Bonvallet, however, are reconcilable with the functional capacity opinions of Dr. Mullady and Dr. Gulbenk. All three doctors found Plaintiff suffers from lumbar disc disease (Tr. 19, 404). Though it is true Dr. Bonvallet found Plaintiff's condition to be only mild to moderate in appearance (Tr. 19), nothing in the record suggests, nor does the ALJ explain how, it is impossible to reach Dr. Mullady's or Dr. Gulbenk's conclusion based on Dr. Bonvallet's findings. Crucially, Dr. Bonvallet does not offer an opinion on Plaintiff's functional capacity limitations, unlike Dr. Mullady and Dr. Gulbenk. Because these opinions are potentially reconcilable with Dr. Bonvallet's findings, and the ALJ unfairly rejected those other opinions, it is incumbent upon the ALJ to explain why Dr. Bonvallet's findings should lead to a different conclusion.

Second, the Commissioner argues the unrejected findings of Dr. Gulbenk support the ALJ's conclusion. Although Dr. Gulbenk does offer an opinion on Plaintiff's functional limitations, unlike

11

Dr. Bonvallet, his findings are not substantial evidence for three reasons. Primarily, the ALJ himself chose to disregard the functional capacity opinion of Dr. Gulbenk. If the ALJ is unwilling to credit Dr. Gulbenk's opinion, it is difficult to agree with the Commissioner that the unrejected portion of Dr. Gulbenk's findings justifies also ignoring Dr. Mullady's opinion. In addition, Dr. Gulbenk's findings were based on a non-examining review of her medical records. Whereas Dr. Mullady and Dr. Bonvallet examined Plaintiff, Dr. Gulbenk never examined Plaintiff. Generally, an examining physician is entitled to greater weight than a non-examining physician. 42 U.S.C. § 404.1527(d)(1). Because the ALJ gives no reason why a non-examining physician's evidence should be given more weight in this case, discrediting the opinion of Dr. Mullady with the findings of Dr. Gulbenk alone is not based on substantial evidence. *See id.* Finally, similar to the findings of Dr. Bonvallet, the ALJ fails to explain why the findings of Dr. Gulbenk are inconsistent with a finding of functional limitations. The ALJ explains why he is not persuaded by Dr. Gulbenk's conclusion that Plaintiff suffers some limitations, but he does not articulate why, after having adopted some of Dr. Gulbenk's findings, those findings lead to a conclusion that Plaintiff has no limitations.

    Third, the Commissioner contends ignoring Dr. Gulbenk's finding of some functional limitations should not result in remand, because the testimony of the vocational expert suggests Plaintiff could still have returned to her previous employment even if the ALJ agreed with all of Dr. Gulbenk's conclusions. Such a leap of logic is impossible in this case. As Plaintiff notes, the ALJ's opinion erroneously states the vocational expert testified a hypothetical individual with Plaintiff's age, education, past relevant work, and residual functional capacity could return to Plaintiff's past relevant work. A review of the transcript of the vocational expert's testimony demonstrates he did not give such testimony (Tr. 498-499). He simply testified the past relevant work required light

12

exertion. The ALJ has already performed a leap of logic in assuming that Plaintiff's functional limitations leave her capable of light exertion. This Court will not compound assumption upon assumption, by finding the vocational expert would have the same opinion if Plaintiff is found to suffer from the same functional limitations found by Dr. Gulbenk.

For these reasons, the Court finds the ALJ's opinion is not supported by substantial evidence. As the R&R notes, however, a judicial award of benefits is not appropriate here, so this case will be remanded for further administrative proceedings. Upon remand, the ALJ must either adequately develop the record to justify his departure from Dr. Mullady's and Dr. Gulbenk's findings of functional capacity limitations and or revise his conclusion.

### IIII. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion (Court File No. 12), will **DENY** the Commissioner's motion (Court File No. 15), will **ACCEPT & ADOPT** the R&R (Court File No. 19), will **REVERSE** the Commissioner's decision, and will **REMAND** the case for additional administrative proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

13